UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CHRISTENI GROUP LLC,<br><br>        Defendant. | Case No. 3:21-cv-01620-JD<br><br>**ORDER RE MOTION TO DISMISS** |

       Plaintiff Scott Johnson is a quadriplegic and requires a wheelchair for mobility. Dkt. No. 1 ¶ 1. He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, against defendant The Christeni Group LLC (Christeni), which owns and operates a restaurant called Willard Hicks Campbell in Campbell, California. *Id.* ¶¶ 2-3.

       The complaint alleged that Christeni "failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards," *id.* ¶ 10, and specifically that there was a "lack of sufficient knee and toe clearance under the dining surfaces for wheelchair users," *id.* ¶ 13.

       Christeni has asked to dismiss Johnson's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Dkt. No. 30. Christeni says that it brought the restaurant's dining surfaces into compliance soon after being served with the complaint, thus rendering moot Johnson's claim for injunctive relief under the ADA. *Id.*; *see also* Dkt. No. 30-2 ¶ 14 (declaration of Bassam Altwal, certified access specialist, certifying that the dining surfaces are ADA-compliant).

       Johnson acknowledges that Christeni has fixed the problem and "concedes that his current claim for injunctive relief has been remedied," as there is no evidence the problem will recur. Dkt.

No. 29. He does not dispute that his ADA claim is now moot. Dkt. No. 32. The Court agrees that the claim is moot, and it is dismissed for lack of subject-matter jurisdiction. *See Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) ("'[A] claim for injunctive relief becomes moot once subsequent events have made clear the conduct alleged as the basis for the requested relief 'could not reasonably be expected to recur.'").

Even so, Johnson asks the Court to exercise supplemental jurisdiction over the Unruh Act claim. Dkt. No. 32. The request is declined. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction"). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotation, citation, and brackets omitted). That is the case here, especially considering that the Court did not rule on the merits of Johnson's ADA claim. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (district court did not abuse its discretion -- after granting summary judgment to defendants on plaintiff's ADA claim -- in declining to exercise supplemental jurisdiction over remaining state-law claims under § 1367(c)(3)). The state-law claim is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 30, 2022

JAMES DONATO
United States District Judge